[No. 814.]

## WILLIAM ARRINGTON AND M. B. BARTLETT, RESPONDENTS, *v.* F. R. WITTENBERG, APPELLANT.

MECHANICS' LIEN—COUNTY RECORDER AUTHORIZED TO ADMINISTER OATH.- - Under the provisions of the statute of this state, county recorders are authorized to administer the oath and certify to the verification required by law in filing mechanics' liens.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion of the court.

*G. W. Baker,* for Appellant:

Section 2995 (2 Comp. L.) does not confer the power upon county recorders to take and certify affidavits.

The verification of a mechanics' lien is simply an affidavit that contains allegations required by statute to create a lien upon property, are true, etc. As a mechanics' lien is not required by law to be acknowledged, and no proof of such acknowledgment being required, we do not consider it possible to construe this section of our statute as conferring the power exercised by the recorder in this case, and if the recorder had not the power to administer the oath, certainly no lien was acquired upon these claims and the demurrer should have been sustained.

*C. J. Lansing, Thomas Wren and Crittenden Thornton,* for Respondents:

The word "proof" in the recording acts has long had a fixed and definite meaning. Its meaning has always been the testimony given under oath by a subscribing witness, as distinguished from the mere verbal declaration of a party to an instrument. It necessarily includes the taking and the administering of an oath. The power given to recorders to take proof includes all needed authority to make that proof legal and effectual by administering an oath. That the word "proof" is not synonymous with "acknowledgment" in the statute. (*Kimball* v. *Semple,* 25 Cal. 446; *Jackson* v. *Humphrey,* 1 Johns. 498; *Jackson* v. *Shephard,* 2 Johns. 77;

*Jackson* v. *Harrow*, 11 Johns. 434; *Jackson* v. *Gould*, 7 Wend. 364; *Jackson* v. *Osborn*, 2 Wend. 555; *Bradstreet* v. *Clarke*, 12 Wend. 602; *Norman* v. *Wells*, 17 Wend. 136.)

Words having a definite and well known meaning in the law are deemed to be used in the same sense in subsequent statutes. (*Harris* v. *Reynolds*, 13 Cal. 514; *Robbins* v. *O. R. R. Co.* 32 Cal. 472.)

The liens of mechanics and material men are "instruments in writing" affecting real estate within the plain language of the statute. They affect titles to real estate in the same manner as mortgages, and may ripen into legal titles by like process of foreclosure. The only proof which is required to entitle them to be recorded, is a verification of the statement under oath.

By the Court, HAWLEY, C. J.:

This action was brought to foreclose several mechanics' liens. The defendant demurred to that portion of the complaint which sought to enforce certain liens which were sworn to before the county recorder, upon the ground that he was not such an officer, under the law, as was authorized to administer oaths in such cases. Section 2 of the act concerning county recorders and defining their duties (approved March 9, 1865, as amended March 2, 1871), provides that: "The county recorder of the several counties within this state are hereby empowered to take and certify the acknowledgment and proof of all conveyances affecting any real estate, or of any other written instrument, for which he shall receive the same fees as are now prescribed by law." (2 Comp. L. 2995.) It is argued by counsel for appellant that this section confers the power upon county recorders to take and certify acknowledgments to conveyances and other written instruments, and nothing else; that the administering of an oath to a claim for a mechanics' lien is not an acknowledgment, or proof, of an instrument, and that the only authority given to the county recorder to administer oaths relates exclusively to such written instruments as are required, by the statute of this state, to be acknowledged. The law, in our judgment, is susceptible of a broader and more beneficial construction.

It is conceded that under the provisions of the act concerning conveyances the county recorder would be authorized to take the proof of the execution of any conveyance, affecting any real estate, by the testimony of a subscribing witness. Sections 11 and 15 of said act (1 Comp. L., 239 and 243), provide that no proofs shall be granted except upon the oath or affirmation of a competent and credible witness. In such case the county recorder is authorized to administer the oath or affirmation necessary to authorize such conveyances to be recorded.

There is nothing in either of the acts which, by any fair or reasonable construction, limits the county recorder to the taking only of such proofs of conveyances or other written instruments as are required to be acknowledged.

It is within the power of the legislature to provide the manner in which the proofs of an instrument may be taken. It may be by an acknowledgment or affidavit. It was certainly the intention of the legislature in passing the act under consideration, to authorize county recorders to take the acknowledgment and proof of all conveyances affecting any real estate, or of any other written instrument, in the manner provided by law. This authority must, necessarily, extend to all such written instruments as are by law required to be recorded.

Every person entitled to a lien is required, within a specified time, to file with the county recorder a claim containing a statement of his demand, "which claim must be verified by the oath of himself, or some other person." In short, a mechanic's lien is a written instrument that is required to be recorded. The proof that entitles it to be recorded is the verification. The county recorder is, in our opinion, an officer authorized by law to administer the oath and take and certify the proofs in such cases.

The judgment of the district court is affirmed, and it is ordered that the remittitur in this case issue forthwith.